IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MI FAMILIA VOTA EDUCATION FUND,** as an organization, **MURAT LIMAGE, PAMELA GOMEZ,**<br><br>    Plaintiffs,<br><br>v.<br><br>**KEN DETZNER,** in his official capacity as Florida Secretary of State,<br><br>    Defendant. | Civil Action No.: 8:12-cv-01294-JDW-MAP |

### NOTICE OF PROPOSED ORDER OF DISMISSAL WITH PREJUDICE ONLY TO EXTENT THE SECTION 5 IS PREDICATED ON THE CURRENT SECTION 4 COVERAGE FORMULA

Plaintiffs Mi Familia Vota Education Fund, Murat Limage, and Pamela Gomez, pursuant to this Court's Orders dated February 8, 2013 (ECF No. 45) and June 26, 2013 (ECF No. 49), give notice that, while all parties agree to dismissal of the First Amended Complaint (the "Complaint") (ECF No. 20), Plaintiffs request that the Court dismiss the Complaint with prejudice as to their Section 5 claim under the Voting Rights Act (the "VRA") only to the extent it is predicated on the coverage formula in Section 4 of the VRA held to be unconstitutional in *Shelby County, Alabama v. Holder*. 2013 WL 3184629, (U.S. June 25, 2013).

"After an answer has been filed, Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Careplus Health Plans, Inc. v. Crespo*, 8:05 CV 2010 T 27MAP, 2006 WL 3469524, at *2 (M.D. Fla. Nov. 30, 2006). Further, "[t]he Court has broad discretion in determining whether to allow a voluntary dismissal pursuant to Rule 41(a)(2). In most cases, a voluntary dismissal should be granted unless the defendant will suffer

clear legal prejudice or lose a substantial right by the dismissal." *Id*. (quoting and citing *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)). Because Defendant has not pleaded a counterclaim, Defendant will suffer no prejudice, or lose a substantial right, by Plaintiffs' voluntary dismissal.[1] As no counterclaims are pending, it is well within the discretion of this Court to dismiss the action without prejudice, or alternatively to dismiss the action with prejudice only to the extent Plaintiffs' Section 5 claim is predicated on Section 4's current coverage formula.

Plaintiffs acknowledge the United States Supreme Court's decision in *Shelby* holding that Section 4(b) of the VRA is unconstitutional. Defendant's contention, however, that any action brought by Plaintiffs following a reenactment by Congress of the VRA with a new Section 4 coverage formula would be based on the new statute and "not some resuscitation of this action based on the current *unconstitutional Section 5*" is incorrect. Notice of Proposed Order of Dismissal With Prejudice (ECF. No. 53) (emphasis added). In fact, the Supreme Court explicitly noted that "[w]e issue no holding on § 5 itself, only on the coverage formula." *Shelby*, at *18 (slip op.). Therefore, while Plaintiffs agree with Defendant that they may not bring a Section 5 claim based on the current Section 4(b) coverage formula, Plaintiffs are not foreclosed from bringing a Section 5 claim in the future should Congress reenact a new coverage formula in section 4.

Furthermore, Defendant's proposed order of dismissal with prejudice is too broad and could be read to preclude, under the doctrine of res judicata, other viable claims Plaintiffs have based on Florida's improper use of SAVE or MDAVE to purge voter rolls. "Res judicata bars a

---

[1] Should this Court not order dismissal with the limited prejudice requested herein, Plaintiffs reserve the right to amend their Complaint under Rule 15 to add claims under the VRA, but that are not predicated on Section 4's current coverage formula, to challenge the unconstitutional voting procedures undertaken by Defendant.

2

claim in a prior case if: (1) there was a final judgment on the merits rendered by a court that had jurisdiction; (2) the cases involved the same parties or those in privity with them; and (3) the same cause of action is involved in both cases. Two cases are considered to involve the same cause of action if they arise out of the same nucleus of operative facts or are based upon the same factual predicate." *Dixon v. Bd. of Cnty. Comm'rs Palm Beach Cnty., Fla.*, 12-14894, 2013 WL 1760584, at *2 (11th Cir. Apr. 24, 2013) (citation omitted). Accepting Defendant's current proposed order of dismissal might unintentionally foreclose Plaintiffs' claims under Section 2 or 3 of the VRA since such claims could be argued to "arise out of the same nucleus of operative facts," – namely the use of SAVE or MDAVE to purge voter rolls. Therefore, out of an abundance of caution to avoid unintentionally impairing their constitutionally protected rights under the VRA, Plaintiffs seek an order dismissing their Section 5 claim with prejudice <u>only to the extent</u> it is predicated on the coverage formula in Section 4(b) that was found unconstitutional.[2] Such an order would preserve Plaintiffs' right to bring a Section 2 or 3 claim predicated on the use of SAVE or MDAVE to purge voter rolls.

The Supreme Court in *Shelby*, even while invalidating Section 4(b)'s coverage formula for identifying jurisdictions to which Section 5 preclearance requirements would apply, acknowledged that "voting discrimination still exists; no one doubts that." *Shelby*, at *4 (slip op.). To avoid a potential miscarriage of justice should a later court find a sufficient identity of

---

[2] *See e.g.*, *Dillard v. Crenshaw Cnty.*, 640 F. Supp. 1347, 1366 (M.D. Ala. 1986) *order dissolved*, CIV.A.2:85CV1332-MHT, 2006 WL 3392071 (M.D. Ala. July 31, 2006) *and order dissolved*, CIV.A. 2:85CV1332MHT, 2006 WL 3923887 (M.D. Ala. Oct. 3, 2006) (acknowledging serious concerns in applying res judicata to bar claims under the VRA but concluding that "it has little choice but to dismiss the intent claim against Pickens County on the grounds of res judicata.").

parties and/or legal theory emanating from the same "nucleus of operative fact" as this litigation – thus barring Plaintiff's potential future action under the VRA based on res judicata principles – a limited dismissal with prejudice, specifically delineating the claims dismissed with prejudice, would serve the best interests of all parties. A proposed order of dismissal is attached.

Date: July 11, 2013

Respectfully submitted,

/s/
Robert A. Kengle
Dara Lindenbaum
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 40
Washington, DC 20005
Telephone: (202) 662-8324
bkengle@lawyerscommittee.org
dlindenbaum@lawyerscommittee.org

/s/
Edward R. McCarthy
Edward Soto
Weil Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
Edward.McCarthy@Weil.com
Edward.Soto@Weil.com

/s/
Julie A. Ebenstein
Randall C. Marshall
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Suite 340
Miami, Florida 33137
Telephone: (786) 363-4434
jebenstein@aclufl.org
rmarshall@aclualabama.org

/s/
Katie O'Connor
M. Laughlin McDonald

American Civil Liberties Union Foundation<br>
230 Peachtree Street, NW, Suite 1440<br>
Atlanta, Georgia 30303<br>
Telephone: (404) 523-2721<br>
koconnor@aclu.org<br>
lmcdonald@aclu.org