IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MI FAMILIA VOTA EDUCATION FUND,** as an organization, **MURAT LIMAGE, PAMELA GOMEZ,**<br><br>    Plaintiffs,<br><br>v.<br><br>**KEN DETZNER,** in his official capacity as Florida Secretary of State,<br><br>    Defendant. | Civil Action No.: 8:12-cv-01294-JDW-MAP |

**MOTION TO DISMISS ANY AND ALL CLAIMS
IN PLAINTIFFS' FIRST AMENDED COMPLAINT PREDICATED
ON THE COVERAGE FORMULA IN SECTION 4 OF THE VOTING RIGHTS ACT
HELD TO BE UNCONSTITUTIONAL IN *SHELBY COUNTY, ALABAMA v. HOLDER***

Plaintiffs Mi Familia Vota Education Fund, Murat Limage, and Pamela Gonzalez, pursuant to the Court's Orders dated February 8, 2013 (ECF No. 45) and June 26, 2013 (ECF No. 49), and pursuant to the Court's order at the July 12, 2013 hearing, hereby move to dismiss any and all claims in the First Amended Complaint (the "Complaint") (ECF No. 20) predicated on the coverage formula in Section 4 of the Voting Rights Act ("VRA") held to be unconstitutional in *Shelby County, Alabama v. Holder*, 2013 WL 3184629 (U.S. June 25, 2013).

In *Shelby*, the United States Supreme Court held that Section 4(b) of the VRA is unconstitutional. *See id*. That holding strikes the coverage formula under Section 4(b) that determines which counties in Florida (and other jurisdictions) are covered for purposes of Section 5 of the VRA. As a result, there are currently no covered counties in Florida and the Supreme Court left it to Congress to determine a new coverage formula under Section 4(b). However, the Supreme Court did not strike down Section 5 of the VRA or issue any ruling as to

its constitutionality, explicitly noting that "[w]e issue no holding on § 5 itself, only on the coverage formula." *Shelby*, at *18 (slip op.).  Thus, Defendant's repeated contention that any future action brought by Plaintiffs following a reenactment by Congress of the VRA with a new Section 4(b) coverage formula would be based on the new statute and "not some resuscitation of this action based on the current *unconstitutional Section 5*" is simply incorrect.  Notice of Proposed Order of Dismissal With Prejudice (ECF. No. 53) (emphasis added).  The decision in *Shelby* only makes it clear that for now there are no covered counties in Florida that are required to preclear under Section 5 of the VRA.[1]  Therefore, recognizing the full import of the holding in *Shelby*, Plaintiffs' proposed dismissal order rightfully recognizes that Plaintiffs may not bring a Section 5 claim based on the Section 4(b) coverage formula struck down in *Shelby*.

Defendant's proposed order of dismissal with prejudice, and its corresponding argument that dismissal of this case would bar any future Section 5 claim if Congress enacts a new coverage formula in Section 4, flies in the face of longstanding res judicata principles.  "Res judicata bars a claim in a prior case if: (1) there was a final judgment on the merits rendered by a court that had jurisdiction; (2) the cases involved the same parties or those in privity with them; and (3) the same cause of action is involved in both cases. Two cases are considered to involve the same cause of action if they <u>arise out of the same nucleus of operative facts or are based upon the same factual predicate</u>." *Dixon v. Bd. of Cnty. Comm'rs Palm Beach Cnty., Fla.*, 12-14894, 2013 WL 1760584, at *2 (11th Cir. Apr. 24, 2013) (citation omitted) (emphasis added).  Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in the prior action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). *See also In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th

---

[1] Importantly, *Shelby* does not declare the Defendant's use of the MDAVE and SAVE databases to purge voter rolls as valid under Section 5 of the VRA.

Cir. 2001) ("The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies."). It is illogical for Defendant to argue the Section 5 claim at issue in this case – which is based on the coverage formula invalidated by *Shelby* – would be the same cause of action as a future Section 5 claim asserted on the basis of a completely different coverage formula <u>that does not currently exist</u> and, therefore, could not have been raised in this action.

Furthermore, Plaintiffs' proposed dismissal order clarifies what claims are being dismissed for the benefit of counsel who are later faced with the issues raised in this litigation. Under current Eleventh Circuit law, as discussed above, res judicata applies to preclude all claims that could have been raised arising from the same nucleus of operative facts. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006) ("Claim preclusion does not apply exclusively to those theories and claims actually raised in the prior proceeding but also encompasses all claims that could have been raised from the same nucleus of operative facts."). Here, Defendant's proposed dismissal order could be read to preclude, under the doctrine of res judicata, Plaintiffs' viable claims under Section 2 or Section 3 of the VRA because they "arise out of the same nucleus of operative facts," namely the Defendant's use of SAVE or MDAVE to purge voter rolls. However, Plaintiffs' potential Section 2 or Section 3 claims are not before this Court and are not the subject of any final ruling in this litigation. Therefore, out of an abundance of caution to avoid unintentionally impairing their constitutionally protected rights under the VRA, Plaintiffs seek an order dismissing their Section 5 claim with prejudice <u>only to the extent</u> it is predicated on the coverage formula in Section 4(b) that was found unconstitutional.[2] Such an

---

[2] *See e.g.*, *Dillard v. Crenshaw Cnty.*, 640 F. Supp. 1347, 1366 (M.D. Ala. 1986) *order dissolved*, CIV.A.2:85CV1332-MHT, 2006 WL 3392071 (M.D. Ala. July 31, 2006) *and order dissolved*, CIV.A. 2:85CV1332MHT, 2006 WL 3923887 (M.D. Ala. Oct. 3, 2006)

order would preserve Plaintiffs' right to bring a Section 2 or Section 3 claim based on Defendant's use of SAVE or MDAVE to purge voter rolls.

The Plaintiffs' proposed order dismissing their Section 5 claim with prejudice <u>only to the extent</u> it is predicated on the current coverage formula in Section 4(b) that was found unconstitutional gives full credence to the *Shelby* decision and serves to provide guidance to the next court faced with claims emanating from the same "nucleus of operative fact" as this litigation. Should Congress enact a new coverage formula in Section 4 of the Voting Rights Act, this dismissal will not preclude Plaintiffs or those in privity with them from bringing a future Section 5 claim predicated on such new coverage formula, even if that claim arises out of the same nucleus of operative facts. Moreover, the proposed dismissal order preserves and clarifies the rights of the Plaintiffs to bring independent claims under Section 2 or Section 3 of the VRA, neither of which is barred by the decision in *Shelby*. A limited dismissal with prejudice, specifically delineating the claims dismissed with prejudice, would serve the best interests of all parties. A proposed order of dismissal is attached.

---

(acknowledging serious concerns in applying res judicata to bar claims under the VRA but concluding that "it has little choice but to dismiss the intent claim against Pickens County on the grounds of res judicata.").

Date: July 15, 2013

Respectfully submitted,

/s/      Robert A. Kengle
Robert A. Kengle
Dara Lindenbaum
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 40
Washington, DC 20005
Telephone: (202) 662-8324
bkengle@lawyerscommittee.org
dlindenbaum@lawyerscommittee.org

/s/     Edward Soto
Edward Soto
Edward R. McCarthy
Weil Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
Edward.Soto@Weil.com
Edward.McCarthy@Weil.com

/s/       Julie A. Ebenstein
Julie A. Ebenstein
Randall C. Marshall
ACLU Foundation of Florida, Inc.
4500 Biscayne Blvd., Suite 340
Miami, Florida 33137
Telephone: (786) 363-4434
jebenstein@aclufl.org
rmarshall@aclualabama.org

/s/        M. Laughlin McDonald
M. Laughlin McDonald
American Civil Liberties Union Foundation
230 Peachtree Street, NW, Suite 1440
Atlanta, Georgia 30303
Telephone: (404) 523-2721
lmcdonald@aclu.org

5

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served by filing via CM/ECF this 15th day of July, 2013, upon all counsel of record.

                /s/ Lauren Z. Alexander
                Lauren Z. Alexander, Esq.